UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
                                                           :
TRUSTEES OF THE NEW YORK CITY DISTRICT     :
COUNCIL OF CARPENTERS PENSION FUND,        :
WELFARE FUND, ANNUITY FUND, AND            :
APPRENTICESHIP, JOURNEYMAN RETRAINING,     :
EDUCATIONAL AND INDUSTRY FUND, *et al.*,   :
                                                           :
                           Petitioners,            :
                                                           :
            -v-                                        :        25 Civ. 10740 (JPC)
                                                           :
JJD MATTHEW CONSTRUCTION INC.,             :        OPINION AND ORDER
                                                           :
                           Respondent.             :
                                                           :
-------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

Petitioners[1] seek to confirm an August 13, 2025 arbitral award against Respondent JJD

Matthew Construction Inc. ("JJD").  For the reasons explained below, the Court grants the petition

to confirm and further awards Petitioners their attorneys' fees and costs in bringing this action.

## I.  Background

JJD is subject to a Project Labor Agreement ("PLA") that requires it, on behalf of certain

employees, to make contributions to specified trusted employee benefit funds.  Dkt. 1 ("Petition"),

Exh. B Art. 11, § 2.  The PLA also binds JJD to an Independent Building Construction Agreement,

Petition, Exh. C ("CBA"), which, in turns, requires JJD to abide by all by-laws, rules, procedures,

and policies adopted to regulate the funds, *id.* Art. XV, § 3.  One such policy is a Revised Statement

---

[1] This Opinion and Order uses the term "Petitioners" to refer to: (1) Trustees of the New
York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and
Apprenticeship, Journeyman Retraining, Educational and Industry Fund; (2) Trustees of the New
York City Carpenters Relief and Charity Fund; and (3) The Carpenter Contractor Alliance of
Metropolitan New York.

of Policy for Collection of Employer Contributions.  Petition Exh. H ("Collection Policy").  The Collection Policy provides for arbitration of actions against JJD to collect delinquent contributions. *Id.* § VI.  The CBA and Collection Policy further provide that in such an arbitration, Petitioners are entitled to collect (1) any delinquent contributions owed by JJD; (2) interest on the unpaid contributions; (3) the greater of (a) interest on the unpaid contributions or (b) twenty percent of the unpaid contributions; (4) audit costs; and (5) reasonable costs and attorneys' fees.  CBA Art. XV, § 6; Collection Policy §§ IV (11), V (4)-(6).

After an estimated audit pursuant to the Collection Policy revealed that JJD failed to pay $375,441.49 in required contributions, Petition, Exh. I ("Estimated Audit"), Petitioners initiated arbitration against JJD.  On August 13, 2025, the arbitrator rendered an award of $478,399.64 in favor of Petitioners.  Petition, Exh. K ("Award") at 6.  The Award consisted of (1) $375,441.49 in unpaid contributions owed by JJD; (2) interest on the unpaid contributions totaling $25,369.85; (3) twenty percent of the unpaid contributions, which comes to $75,088.30; (4) $1,500 in attorneys' fees; and (5) the arbitrator's fee of $1,000. *Id.*; *see also id.* at 7 (additionally determining that Petitioners are entitled to court costs if they need to seek judicial enforcement of the Award). The arbitrator also ordered JJD to produce books and records for an audit, as required by the CBA, and to pay prejudgment interest at a rate of 9.5%, beginning on August 13, 2025. *Id.* at 6-7.

JJD failed to pay the Award, so Petitioners filed the instant Petition on December 29, 2025 to confirm the Award under Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185.  Dkt. 1.  JJD has not opposed the Petition or otherwise appeared in this action.

2

## II. Legal Standard

An unanswered petition to confirm an arbitration award is generally treated as an unopposed motion for summary judgment. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (explaining that "generally a district court should treat an unanswered removed petition to confirm/vacate as an unopposed motion for summary judgment"). Under this approach, "'the petition and the accompanying record' become 'a motion for summary judgment'" evaluated under the usual Rule 56 standard. *Trs. of UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008) (quoting *D.H. Blair & Co.*, 462 F.3d at 109); *see* Fed. R. Civ. P. 56.

Summary judgment under Rule 56 is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A court must "resolve all ambiguities and draw all justifiable factual inferences in favor of the party against whom summary judgment is sought." *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008). The movant bears the initial burden of "demonstrating the absence of a genuine issue of material fact." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). If met, the burden shifts to the non-movant "to present evidence sufficient to satisfy every element of the claim." *Id.* The non-movant "may not rely on conclusory allegations or unsubstantiated speculation," and "must offer some hard evidence showing that its version of the events is not wholly fanciful." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (internal quotation

marks omitted).    The non-movant must present more than a mere "scintilla of evidence." *Anderson*, 477 U.S. at 252.

This standard applies equally to unopposed motions for summary judgment.  *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004) ("Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law.").  Therefore, to confirm an unopposed petition, the court must decide whether the undisputed facts establish that the petitioner is entitled to judgment as a matter of law.  *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Odessy Constructioncorp*, No. 14 Civ. 1560 (GHW), 2014 WL 3844619, at *2 (S.D.N.Y. Aug. 1, 2014) ("[L]ike unopposed summary judgment motions, unopposed confirmation petitions 'must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" (quoting *D.H. Blair & Co.*, 462 F.3d at 110)).

### III.  Discussion

#### A.    The Court Confirms the Arbitration Award.

Petitioners seek confirmation of the arbitrator's Award of $478,399.64, with prejudgment interest of 9.5% beginning on August 13, 2025, and postjudgment interest at the normal statutory rate.

Confirming an arbitration award under the LMRA, like under the Federal Arbitration Act ("FAA"), entails only "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted) (applying the FAA); *see Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. PM Contracting Co.*, No. 18 Civ. 6563 (KPF), 2019 WL 1557114, at *2 n.3 (S.D.N.Y. Apr. 10, 2019) (explaining that although "[t]he LMRA,

not the [FAA], governs" review of a petition to confirm under the LMRA, the FAA remains "useful as a source of principles . . . in the context of a petition to confirm or vacate an arbitration award." (internal quotation marks omitted)); *1199 SEIU United Healthcare Workers E. v. Lily Pond Nursing Home*, No. 07 Civ. 408 (JCF), 2008 WL 4443945, at *3 (S.D.N.Y. Sept. 29, 2008) ("The FAA is particularly useful in the context of a petition to confirm or vacate an arbitration award because both the FAA and the LMRA allow only limited judicial review of arbitration decisions.").

Judicial review of the merits of an arbitration award is "severely limited so as not unduly to frustrate the goals of arbitration, namely, to settle disputes efficiently and avoid long and expensive litigation." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Metro. Fine Mill Work Corp.* ("*Metro. Fine Mill*"), No. 14 Civ. 2509 (PAE), 2015 WL 2234466, at *3 (S.D.N.Y. May 12, 2015) (internal quotation marks omitted). Particularly in the LMRA context, an arbitration award should be confirmed "as long as it draws its essence from the collective bargaining agreement and is not merely an exercise of the arbitrator's own brand of industrial justice." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Dejil Sys., Inc.*, No. 12 Civ. 5 (JMF), 2012 WL 3744802, at *2 (S.D.N.Y. Aug. 29, 2012) (internal quotation marks omitted). Under the "extremely deferential standard of review" that courts must apply, "only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award," which may be inferred from the record. *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 378-79 (2d Cir. 2023) (citation modified); *see also Landy Michaels Realty Corp. v. Loc. 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) ("[A]n arbitration award should be enforced, despite a court's disagreement with it on the merits,

5

if there is a barely colorable justification for the outcome reached." (internal quotation marks omitted)).  An arbitration award cannot stand, however, "[i]f it is clear that an arbitrator has exceeded his authority."  *Abram Landau Real Est. v. Bevona*, 123 F.3d 69, 74 (2d Cir. 1997) (internal quotation marks omitted).

The Award easily satisfies this permissive standard.  First, the arbitrator "acted within the scope of the authority granted him by the parties" under the CBA and the Collection Policy.  *Metro. Fine Mill*, 2015 WL 2234466, at *4; *see* CBA Art. XV, § 7; Collection Policy §§ IV (11), V (4)-(6).  The arbitrator's decision is also supported by the record, including the estimated audit's assessment of unpaid contributions, which was calculated by extrapolating from unpaid contributions during a four-week period in 2024.  Estimated Audit at 2-3; *accord* Award at 4; *see Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Baroco Contracting Corp.*, No. 24 Civ. 1898 (DEH), 2024 WL 4519836, at *2 (S.D.N.Y. Oct. 17, 2024) (granting a petition to confirm an arbitration award where the "Respondent did not . . . contest Petitioners' independent estimated audit—which determined that Respondent failed to make required remittances"); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. PMM Cranes LLC*, No. 24 Civ. 3187 (JGK), 2024 WL 4388276, at *3 (S.D.N.Y. Oct. 3, 2024) (granting a petition to confirm an arbitration award where "the arbitrator found that substantial and credible evidence supported the determination that the respondent owed the petitioners delinquent contributions under the CBA and Collection Policy" (internal quotation marks omitted)).  The CBA and the Collection Policy also authorize each category of relief awarded by the arbitrator.  *See* CBA Art. XV, § 6; Collection

Policy §§ IV (11), V (4)-(6); Award at 6.  Finally, Petitioners timely filed the instant Petition to confirm the Award,[2] and the Award has not been vacated, modified, or corrected.

Thus, the Court concludes that there is no genuine dispute of material fact and that Petitioners are entitled to judgment as a matter of law confirming the Award.

**B.**     **The Court Approves Petitioners' Requested Attorneys' Fees and Costs.**

Petitioners also request $703 in attorneys' fees and $500 in costs arising out of this proceeding seeking confirmation of the Award.

"It is well-settled that courts may award reasonable attorneys' fees and costs in connection with a petition to confirm an arbitration award when, as here, the opposing party has neither abided by the arbitrator's decision nor responded to the petition for confirmation."  *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Budd Woodwork Inc.*, No. 24 Civ. 8560 (JPC), 2025 WL 934360, at *4 (S.D.N.Y. Mar. 27, 2025); *see Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. All. Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) ("[C]ourts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." (internal quotation marks omitted)); *see also Drywall Tapers & Pointers of Greater N.Y. Loc. Union 1974 v. Nat'l Drywall Inc.* ("*Drywall Tapers*"), No. 24 Civ. 3690 (RA),

---

[2] "Since LMRA § 301 does not specify a statute of limitations for commencing an action to confirm or vacate an arbitration award, federal courts borrow the most appropriate state statute." *1199 SEIU United Healthcare Workers E.*, 2008 WL 4443945, at *2 (citing *Loc. 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998)).  Under New York Civil Practice Law and Rules Section 7510, the prevailing party in an arbitration must commence an action to confirm an award within one year of delivery of the award.

2024 WL 4666181, at *2 (S.D.N.Y. Nov. 4, 2024) (collecting cases).  JJD has neither paid the Award nor responded to the instant Petition for confirmation of the Award, so the Court awards attorneys' fees to Petitioners.

The Court finds Petitioners' requested attorneys' fees to be reasonable.  The requested attorneys' fees represent 1.9 hours of work, billed at a rate of $325 per hour, by Allison Herstic, an associate at the law firm of Virginia & Ambinder, LLP, and 0.2 hours of work, billed at a rate of $430 per hour, by Maura Moosnick, a partner at the same law firm.  Petition, Exh. M.  Ms. Herstic is a 2023 graduate of Cardozo Law School and her practice primarily involves labor and ERISA litigation.  Petition ¶ 41.  Ms. Moosnick is a 2021 graduate of Fordham University School of Law, her practice primarily involves representing multiemployer benefit funds, and she has experience handling petitions to confirm arbitration awards on behalf of such funds.  *Id.* ¶ 40.  The Court finds Ms. Herstic's and Ms. Moosnick's billing rates and expenditures of time to be reasonable.  *See Hotel & Gaming Trades Council, AFL-CIO v. Key Hotels*, *LLC*, No. 25 Civ. 4983 (LJL), 2026 WL 751214, at *2 (S.D.N.Y. Mar. 17, 2026) ("Courts have regularly awarded partners an hourly rate of $500 or higher in cases seeking confirmation of an arbitral award."); *Drywall Tapers*, 2024 WL 4666181, at *3 ("Courts in this district have found that fees at a rate of $300 per hour are appropriate for petitions to confirm arbitration awards.").

The Court also finds that the requested $500 in costs, which consists of $95 in service fees and postage costs and $405 in court fees, *see* Petition ¶ 45, is appropriate.  *See Trs. of Dist. Council No. 9 Painting Indus. Ins. Fund v. Speedo Corp.*, No. 21 Civ. 3705 (RA), 2022 WL 604678, at *4 (S.D.N.Y. Mar. 1, 2022).

Accordingly, the Court awards Petitioners $703 in attorneys' fees and $500 in costs.

### IV.  Conclusion

For these reasons, the Court grants Petitioners' Petition to confirm the Award.  The Clerk of Court is respectfully directed to enter judgment in favor of Petitioners and against JJD in the amount of $478,399.64, with prejudgment interest at a rate of 9.5% beginning on August 13, 2025. The Clerk of Court is also directed to enter judgment in the amount of $703 in attorneys' fees and $500 in costs.  Postjudgment interest shall accrue at the statutory rate pursuant to 28 U.S.C. § 1961 from the date judgment is entered until payment is made in full.  The Clerk of Court is further respectfully directed to close this case.

SO ORDERED.

Dated:  April 30, 2026
New York, New York

_____
JOHN P. CRONAN
United States District Judge